[L. A. No. 1250.  In Bank.—July 22, 1902.]

## CATHERINE M. BELL, Appellant, v. SOUTHERN PACIFIC RAILROAD COMPANY, Respondent.

APPEAL FROM JUDGMENT—FAILURE TO FILE TRANSCRIPT—MOTION TO DISMISS—INSUFFICIENCY OF NOTICE.—The sufficiency of a notice of motion to dismiss an appeal must be determined by the facts in each case. A notice of motion to dismiss an appeal upon the usual clerk's certificate, and upon an affidavit showing that no transcript had been served upon the respondents, sufficiently apprised the respondents that the ground of the motion was for failure to file the transcript in time, where it caused the opposing attorneys to attend and to seek an amendment of the record and to excuse the delay.

ID.—MOTION FOR NEW TRIAL—BILL OF EXCEPTIONS.—A bill of exceptions used on motion for a new trial, which can be used on appeal from the judgment, cannot excuse the delay to file a transcript upon appeal from the judgment where it appears that such bill of exceptions had been settled more than forty days before notice of the motion to dismiss the appeal from the judgment.

MOTION to dismiss an appeal from a judgment of the Superior Court of Santa Barbara County. W. S. Day, Judge.

The facts are stated in the opinion of the court.

B. F. Thomas, for Appellant.

Canfield & Starbuck, for Respondent.

TEMPLE, J.—This is a motion to dismiss an appeal from a judgment, on the ground that the transcript was not filed in time. The motion is contested mainly for the reason that in the notice of the motion the grounds upon which it was based were not stated. Notice was given that the motion would be made upon the certificate of the clerk and the affidavit of Henry P. Starbuck, copies of which were annexed to the notice and served with it.

The certificate was the usual one made in such cases for the purpose of the motion, and such as is prescribed by the rules. The affidavit merely showed that no transcript had been served on the attorneys for respondents.

The sufficiency of a notice must be determined by the facts in each case. We think it clear that the attorneys for the appellant were sufficiently apprised of the grounds of the motion in this case. The practice adopted here is perhaps the common practice. It proved sufficient in this case, for the opposing attorneys were on hand with a proposed amendment to the record and with an affidavit intended to excuse delay. Had the motion to dismiss been founded upon some defect which the appellant could have amended, a different rule would have applied.

The point is also made that there was a motion for a new trial pending, in which there was a bill of exceptions which could have been used in the appeal from the judgment. The bill of exceptions had been settled and certified more than forty days before the notice of this motion was given. The time within which a transcript on the appeal from the order refusing a new trial could have been filed had not expired. But the fact that a bill of exceptions used on a motion for a new trial might have been used on an appeal from the judgment, if settled and filed in time, did not extend the time for perfecting the appeal from the judgment beyond forty days after such settlement.

In this case the bill of exceptions had been settled more than forty days before notice of the motion was given, and the appellant was clearly in default.

To obviate the necessity of printing two transcripts, one for each appeal, when one record would have served for both, this court has often extended the time for filing the transcript on the appeal from the judgment.

No sufficient excuse for the delay appears, and the appeal from the judgment is dismissed.

Harrison, J., McFarland, J., Henshaw, J., Garoutte, J., and Van Dyke, J., concurred.